THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

PATRICIA THOMAS,

                Defendant.

CASE NO. C19-0431-JCC

ORDER

This matter comes before the Court on Petitioner's motion to amend or alter the judgment (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

In March 2019, Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a § 1983 civil rights complaint against Defendant, alleging that he was subjected to an unreasonable strip search. (*See generally* Dkt. No. 5.) On August 9, 2019, the Honorable Michelle L. Peterson, United States Magistrate Judge, prepared a report and recommendation which found that the search was reasonable and implemented in an effort to maintain institutional security. (Dkt. No. 21 at 13.) The report and recommendation recommended that Defendant's motion for summary judgment be granted and that Plaintiff's complaint be dismissed with prejudice. (*Id.* at 13–14.)

1 On the same day, Plaintiff filed a notice of intent to file a surreply in response to Defendant's reply in support of her motion for summary judgment. (Dkt. No. 22.) On August 28, 2019, Plaintiff filed a motion for an extension of time to respond to the report and recommendation. (Dkt. No. 23.) On September 3, 2019, the Court granted Plaintiff's motion for an extension of time and set a deadline of October 4, 2019, for Plaintiff to file objections to the report and recommendation. (Dkt. No. 24.) On October 8, 2019, having not received Plaintiff's objections to the report and recommendation, the Court adopted the report and recommendation, granted Defendant's motion for summary judgment, dismissed Plaintiff's complaint with prejudice, and entered judgment accordingly. (Dkt. Nos. 25, 26.)

On November 12, 2019, Plaintiff filed the instant motion to alter or amend the judgment. (Dkt. No. 27.) Plaintiff raises several arguments against the merits of Defendant's summary judgment motion and Defendant's supporting evidence. (*See* Dkt. No. 27 at 1–4.) Plaintiff also asserts that the judgment should be reversed and that he should be granted leave to file objections to the report and recommendation because the Court never sent a response to his request for leave to file a surreply" and therefore Plaintiff did not know that he was supposed to object to the report and recommendation. (*Id*. at 4–5.) Plaintiff further states that the Court must send him another copy of the report and recommendation because "the previous copy sent to him by the court appears to be missing after a recent cell search by goal turnkeys; which is why he had forgot all about this case and the fact there was an R&R to object to." (*Id*. at 5.)

## II. DISCUSSION

Plaintiff has labeled his motion as one seeking to alter or amend the judgment. (See Dkt. No. 27 at 1.) Such motions are governed by Federal Rule of Civil Procedure 59. Under that Rule, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In this case, the Court entered judgment on October 8, 2019, and Plaintiff's motion to amend the judgment was not filed until November 12, 2019. (*See* Dkt. Nos. 26, 27.) Therefore, Plaintiff's motion was untimely under Rule 59(e), which Plaintiff was

obligated to follow despite his *pro se* status. *See* Fed. R. Civ. P. 56(d); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Therefore, Plaintiff's motion is DENIED on this ground.

However, Plaintiff asks the Court to reverse the judgment and allow him to file objections to the report and recommendation; such relief is more appropriately sought via a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60. (*See* Dkt. No. 27 at 4–5.) Rule 60(b) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" under any of six circumstances. These circumstances include "mistake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[1] To be entitled to relief under Rule 60(b)(6), a party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and alteration omitted). Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*. (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

While Plaintiff argues that he did not file objections to the report and recommendation because he was waiting for the Court's response to his notice of intent to file a surreply, the Local Civil Rules do not require a party to obtain leave of the Court prior to filing a surreply. *See* W.D. Wash. Local Civ. R. 7(g).[2] Further, Plaintiff's assertion that he did not think that he needed

---

[1] Plaintiff's arguments do not appear to implicate the other circumstances set forth by Rule 60(b). *See* Fed. R. Civ. P. 60(b); (Dkt. No. 27).

[2] The Court also notes that Local Civil Rule 7(g) "strictly limit[s]" the scope of a surreply "to addressing the request to strike" material contained in a reply brief. Plaintiff's notice of intent to file a surreply set forth his arguments as to why certain material should have been struck from Defendant's reply brief. (*See* Dkt. No. 22 at 1–3.) To the extent Plaintiff sought permission to

to file objections to the report and recommendation until the Court responded to his notice of intent to file a surreply is belied by Plaintiff's request for an extension of time to file objections. Plaintiff's request stated that: he "was recently stricken with a serious infection that rendered him unable to do the work required to litigate this case"; he "is not being provided with law library services or any other tools to provide him access to the courts"; he "is disabled and his disability greatly limits the amount of time he can devote to his work"; and he "is also representing himself in a criminal case and must divide his time between a criminal case and ongoing civil litigation." (Dkt. No. 23 at 1–2.) Notably absent from Plaintiff's motion is an assertion that he was still waiting for a response from the Court as to his notice of intent to file a surreply. (*See id.*) Finally, the Court notes the inconsistency between Plaintiff's claim that he was waiting for the Court's response and his claim that he "forgot all about this case and the fact that there was an R&R to object to" after his copy of the report and recommendation went missing. (*See* Dkt. No. 27 at 4–5.) Therefore, the Court finds that Plaintiff has not established that he is entitled to relief from the judgment pursuant to Rule 60(b), and his motion is DENIED on this ground.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment (Dkt. No. 27) is DENIED.

DATED this 17th day of December 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

file a surreply setting forth arguments beyond those regarding his request to strike, such arguments would have been improper under Local Civil Rule 7(g).